IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)

| | |
|---|---|
| **JOSEPH SAVITSKIE, individually and on behalf of all persons similarly situated,**<br><br>                 **Plaintiff,**<br><br>      v.<br><br>**ZENTA MORTGAGE SERVICES LLC,**<br><br>                 **Defendant.** | No. 3:11-cv-129<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. This is a Fair Labor Standards Act collective action for unpaid overtime compensation brought by Plaintiff Joseph Savitskie, individually and on behalf of all persons similarly situated. Specifically, Plaintiff brings this case on behalf of all persons who are, have been, or will be employed by Defendant Zenta Mortgage Services LLC ("Zenta") in the United States as mortgage underwriters at any time from three years prior to the filing of this Complaint through the date of trial of this action (the "Class"). These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. Despite the fact that its mortgage underwriters spend the vast majority of their time performing non-exempt tasks, Defendant willfully misclassifies them as exempt and fails to pay them overtime compensation when they work over forty hours in a week, as required by the FLSA. Plaintiff seeks relief for the Class under the FLSA to remedy Defendant's willful failure to pay all wages due, and failure to pay appropriate overtime compensation.

1

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is being brought under a federal statute, the FLSA, 29 U.S.C. §§ 201, *et seq*.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant operated facilities in this District and because a substantial part of the events giving rise to the claims occurred in this District.

## RELEVANT TIME PERIOD

5. The FLSA permits Plaintiff to recover unpaid wages and liquidated damages for up to three years prior to the commencement of this lawsuit. Accordingly, the allegations set forth herein concern Defendant's employment practices since March 14, 2008.

## THE PARTIES

6. Plaintiff Joseph Savitskie resides in Charlotte, North Carolina. He was employed by Defendant from approximately August 2010 through March 4, 2011 as a mortgage underwriter in Defendant's Charlotte, North Carolina office.

7. Defendant Zenta Mortgage Services LLC ("Zenta") is a Delaware corporation doing business in, and maintaining offices in, several states throughout the United States, including within this District. At all times relevant herein, Zenta has been an employer within the meaning 29 U.S.C.§ 203(d) of the FLSA.

## FACTS

8. Plaintiff worked as a mortgage underwriter in Zenta's Charlotte, North Carolina office.

9. Defendant is in the business of servicing mortgage loans for clients. The work performed by Plaintiff and other mortgage underwriters is, and was, directly related to mortgage sales.

10. Defendant's gross annual sales or business exceeds $500,000.

11. Defendant operates in interstate commerce by, among other things, servicing mortgage loans and other financial products for its clients in multiple states.

12. Defendant suffers and permits Plaintiff and the Class to work more than forty hours per week without overtime compensation for all overtime hours worked.

13. Plaintiff and the Class regularly work or worked at least five days per week. Defendant regularly instructed and/or encouraged Plaintiff and the Class to work into the evenings and occasionally on weekends, causing their hours worked to exceed forty in a week on a regular basis. Defendant's management told Plaintiff and the Class that it was in their best interests to work as much as possible.

14. Defendant uniformly misrepresented to Plaintiff and the Class that they were exempt salaried employees and therefore ineligible to receive overtime pay.

15. In reality, Plaintiff and the Class are, and were, non-exempt production employees who are, and were, entitled to overtime pay under the FLSA.

16. The primary job duties of Plaintiff and the Class are and were to evaluate whether to issue loans by referring to detailed guidelines provided by Defendant.

17. Plaintiff and the Class did not directly advise customers as to what loan products best met their needs.

18. Plaintiff and the Class do not and did not perform work directly related to management policies or general business operations and do not and did not customarily and regularly exercise discretion and independent judgment in the discharge of their duties.

19. Defendant's unlawful conduct has been widespread, repeated, and consistent.

20. Defendant is aware of the FLSA, as evidenced by the fact that Defendant provides overtime compensation to other employees who are not mortgage underwriters.

21. Defendant's conduct, as set forth herein, was willful and in bad faith, and has caused significant damages to Plaintiff and the Class.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings this action individually and on behalf of the Class, as authorized under the FLSA, 29 U.S.C. § 216(b). Plaintiff has signed a consent form to join this lawsuit, which is attached hereto as Exhibit A.

23. Defendant suffered and permitted Plaintiff and the Class to work more than forty hours per week without overtime compensation.

24. Plaintiff and the Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common business practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping and payroll practices applicable to its mortgage underwriters.

25. Specifically, Defendant uniformly misclassified Plaintiff and the Class as FSLA exempt employees under the FLSA, and failed to pay overtime as required by law.

26. The similarly situated employees are known to Defendant, are readily identifiable, and may be located through Defendant's records. Defendant has employed numerous mortgage underwriters throughout the United States. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for

4

overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

27. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

28. At all relevant times, Defendant was an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant employed employees, including Plaintiff and each member of the Class.

29. The FLSA requires covered employers such as Defendant to compensate all non-exempt employees at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

30. Plaintiff and the Class are entitled to be paid overtime compensation for all overtime hours worked.

31. Defendant, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiff and the Class for all their overtime hours worked by misclassifying Plaintiff and the Class as exempt employees.

32. By failing to compensate Plaintiff and the Class overtime compensation, Defendant violated the FLSA, 29 U.S.C. §§ 201, *et seq*.

33. Defendant also failed to make, keep and preserve records with respect to Plaintiff and the Class sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq*.

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

35. Plaintiff and the Class seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class demand:

A. Designation of this action as an FLSA collective action on behalf of the Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment against Defendant for an amount equal to the unpaid back wages owed to Plaintiff and the Class, calculated at the statutory overtime rate;

C. An additional and equal amount as liquidated/statutory damages under federal law;

D. Judgment that Defendant's actions described herein are, and were, willful and in bad faith;

E. All attorneys' fees and costs incurred in prosecuting these claims;

F. Pre-judgment and post-judgment interest as provided by law; and

G. Such other legal equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury for all issues so triable.

Dated: March 14, 2011                    Respectfully submitted,

                                         BROOKS LAW OFFICE

                                         s/ Tamara Brooks
                                         Tamara Brooks
                                         N.C. State Bar No. 24139
                                         6729 Fairview Road
                                         Suite E
                                         Charlotte, NC 28210
                                         Telephone: (704) 365-3873
                                         Facsimile: (704) 365-3876


                                         s/ Shanon J. Carson
                                         Shanon J. Carson
                                         Sarah R. Schalman-Bergen
                                         BERGER & MONTAGUE, P.C.
                                         1622 Locust Street
                                         Philadelphia, PA  19103
                                         Telephone:  (215) 875-3000
                                         Facsimile:   (215) 875-4613

                                         *Attorneys for Plaintiff*

## VERIFICATION

**Joseph Savitskie**, being first duly sworn, deposes and says that he has read the foregoing Complaint and knows the contents thereof; that the statements contained herein are true of his own knowledge, except matters and things set forth upon information and belief; and as to those such matters and things, he believes them to be true.

*Joseph Savitskie* (signed)
Joseph Savitskie

Sworn to and subscribed before me this 14th day of March, 2011.

*Jill A. Rogers* (signed)
Notary Public

My Commission Expires: June 18, 2013

[Notary Seal: JILL A. ROGERS, NOTARY PUBLIC, MECKLENBURG CO., NC]