IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte Division)
CIVIL NO. 3:11-CV-129

| | |
|---|---|
| JOSEPH SAVITSKIE, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZENTA MORTGAGE SERVICES LLC,<br><br>Defendant. | CERTIFICATION AND REPORT OF F.R.C.P. 26(f) CONFERENCE AND DISCOVERY PLAN |

*Please fill in or check the appropriate blanks (print legibly) to certify completion of the Rule 26(f) Attorney's Conference and provide the required information to the Court. Where the parties were unable to agree on a specific provision or item, please so note and attach any necessary explanation. Please note that this information will be used as a guideline by the judge conducting the Initial Pretrial Conference or issuing the Initial Pretrial Order.*

1. <u>Certification of Conference.</u> Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on June 7, 2011, and again on June 13, 2011, by telephone and was conducted by the undersigned counsel for the designated parties in the above captioned case.

2. <u>Pre-Discovery Disclosures.</u> The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by June 21, 2011.

3. <u>Discovery Plan.</u> The parties jointly propose to the court the following discovery plan: [*Use separate paragraphs or subparagraphs as necessary if parties disagree.*]

    a. All "fact discovery" shall be commenced in time to be completed by seven months following the Court's order on Plaintiff's Motion to Facilitate Notice Under 29 U.S.C. § 216(b).

    b. Discovery Limits:

i. There shall be a maximum of 20 interrogatories to be served by each party.

   ii. Pursuant to Fed. R. Civ. P. 30(a)(2), absent stipulation of the parties, the parties must obtain leave of court to take more than ten (10) depositions. The parties will meet and confer before bringing any issue concerning deposition limits to the Court, including Defendant's request for depositions of any persons who subsequently join this action.

c. Reports from retained experts under Rule 26(a)(2) will be due:

   i. From Plaintiff, 15 days after the close of fact discovery.

   ii. From Defendant, 45 days following Plaintiff's disclosure of expert reports.

   iii. Plaintiff's expert rebuttal report shall be due no later than 30 days following Defendant's disclosure of expert reports.

   iv. The parties may depose each others' experts.

   v. Supplementations under Rule 26(e) due by the close of discovery.

4. <u>Other Items</u> [*Attach separate paragraphs as necessary if parties disagree.*]

   a. The parties []request [X]do not request a conference with the court before entry of the scheduling order.

   b. All potentially dispositive motions should be filed no later than 30 days after Plaintiff serves his expert rebuttal report.

   c. Settlement:

   [] is likely

   [] is unlikely

   [] cannot be evaluated prior to further discovery and resolution of motions (date)

[X] may be enhanced by use of the following ADR procedure:

   []Mediated Settlement Conference

   [] binding arbitration

   [] judicial settlement conference

   [X] other: private mediation

The parties agree that the above selected ADR procedure would be most useful if conducted:

   [] after resolution of any outstanding dispositive motions, but prior to further discovery;

   [] after an initial round of preliminary discovery to be completed by _____ (date);

   [X] after the completion of discovery;

   [] after resolution of summary judgment motions, if any

   [] not applicable.

d. Final lists of witnesses and exhibits under Rule 26(a)(3) are due:

   From Plaintiff, 45 days prior to trial.

   From Defendant, one week after Plaintiff submits his final list of witnesses and exhibits.

e. If the case is ultimately tried, trial is expected to take approximately 2-3 weeks.

f. The parties have discussed the issue of consent to the jurisdiction of a U.S. magistrate judge.

5. Please identify any other matters regarding discovery or case management which may require the Court's attention (*e.g.* concerns re: confidentiality, protective orders, etc., unmovable scheduling conflicts).

The parties have agreed to postpone formal discovery until after the Court's decision on Plaintiff's Motion to Facilitate Notice Under 29 U.S.C. § 216(b). At that time, the parties will submit a proposed protective order to the Court.

The parties have agreed to the following briefing schedule regarding Plaintiff's Motion to Facilitate Notice Under 29 U.S.C. § 216(b):

    Plaintiffs' motion and brief:   June 30, 2011

    Defendant's opposition:   July 20, 2011

    Plaintiff's reply:   August 3, 2011

| June 14, 2011 | Respectfully submitted, |
|---|---|
| s/ Shanon J. Carson | s/ Douglas M. Jarrell |
| Shanon J. Carson (*pro hac vice*) | David C. Wright, III |
| Sarah R. Schalman-Bergen (*pro hac vice*) | N.C. Bar No. 11161 |
| BERGER & MONTAGUE, P.C. | Douglas M. Jarrell |
| 1622 Locust Street | N.C. Bar No. 21138 |
| Philadelphia, PA 19103 | ROBINSON, BRADSHAW & HINSON, P.A. |
| Telephone: (215) 875-4656 | 101 North Tryon Street, Suite 1900 |
| Facsimile: (215) 875-4604 | Charlotte, North Carolina 28246 |
| scarson@bm.net | Telephone: (704) 377-2536 |
| sschalman-bergen@bm.net | Facsimile: (704) 373-3922 |
| | dwright@rbh.com |
| | djarrell@rbh.com |
| s/ Tamara Brooks | |
| Tamara Brooks | *Attorneys for Defendant* |
| BROOKS LAW OFFICE | *Zenta Mortgage Services LLC* |
| N.C. State Bar No. 24139 | |
| 6729 Fairview Road, Suite E | |
| Charlotte, NC 28210 | |
| Telephone: (704) 365-3873 | |
| lawbrooks@bellsouth.net | |

*Attorneys for Plaintiff and the Class*