IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:11-CV-129

DENISE DIANE CRAWFORD,
individually and on behalf of all persons
similarly situated,

              Plaintiff,

v.

ZENTA MORTGAGE SERVICES LLC,
ACCENTURE LLP, and ACCENTURE
CREDIT SERVICES LLC,

              Defendants.

## ORDER

AND NOW, this 16th day of Jan., 2013, upon consideration of Plaintiff's Unopposed Motion for Final Approval of the Settlement Agreement, the Court grants the Motion and ORDERS as follows:

1. The Parties' Settlement Agreement is finally approved as fair, reasonable and adequate, and a fair and reasonable resolution of a *bona fide* dispute;

2. For settlement purposes only, the following Settlement Class is finally certified pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for purposes of settlement: a all individuals who worked as mortgage loan underwriters in the State of North Carolina at Zenta Mortgage Services, LLC, Accenture LLP and/or Accenture Credit Services LLC during the period from March 14, 2008 through May 1, 2012;

3. Denise Diane Crawford is finally approved as the Representative of the Settlement Class;

4. Service awards in the amount of $2,500.00 to Plaintiff Crawford; $2,500.00 to the Estate of Joseph Savitskie; and $1,000.00 each to Randall Neal Spivey, Angela Mack, Antoinette Gross, and Lyle David Harrison (for a total of $9,000.00) are finally approved for their efforts in prosecuting this matter;

5. Berger & Montague, P.C. is finally approved as Class Counsel for the Settlement Class;

6. Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Costs is granted, and payment of attorneys' fees in the amount of $337,500.00 and costs in the amount of $11,773.20 are finally approved;

7. Heffler, Radetich & Saitta LLP is finally approved as Claims Administrator and the costs of claims administration, not to exceed $15,000.00, are finally approved;

8. The Settlement Class Members are hereby bound by the releases described in the Settlement Agreement, except that no Settlement Class Member shall be deemed to have released his or her claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* unless he or she submitted and returned a Claim Form or Opt-In Consent Form..

9. The Court hereby enters final judgment in this case and dismisses it with prejudice in accordance with the terms of the Settlement Agreement. The final judgment shall not bind any class members who timely opted out of the settlement. There being no reason to delay entry of this Final Judgment, the Clerk of the Court is ordered to enter this Final Judgment forthwith pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

10. Without affecting the finality of this Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over this action, the named Plaintiff, the certified class, and the Defendants for purposes of supervising the implementation and enforcement of the Settlement Agreement, the Preliminary Approval Order, this Order, and the distribution of all settlement payments and tax forms.

BY THE COURT,

*Graham C. Mullen*
Honorable Graham C. Mullen
United States District Court Judge

3